Dear Chief Garner:
You requested an Attorney General's opinion regarding the town budget and the amount of income to be produced by the enforcement of traffic laws. You indicated that the budget for the Town of Haynesville, which is prepared by City Hall personnel, currently forecasts $40,000 in income from "Police Fines". One or more members of the Town Council have decided that the police department must produce this amount of income from traffic fines. Per our telephone conversations, you estimate that the Haynesville Police Department would have to issue five traffic tickets per day in order to produce the $40,000 indicated in the budget. This number takes into account the fact that some offenders are found not guilty, some only receive a warning and some are ordered to pay a fine. You stated that your specific question is whether the town council has the right to set quotas of any kind on the police department.
La.R.S. 33:423 sets forth the responsibilities of the chief of police and provides in pertinent part as follows:
 "A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance."
This office previously concluded that the chief of police of a Lawrason Act municipality is charged with the general responsibility for law enforcement, and the obligation to enforce municipal ordinances and applicable state laws. We have further concluded that the chief of police's authority includes the ability to set quotas for traffic tickets, and that the town council may not limit or restrict that authority by attempting to set their own quotas. See Attorney General Opinions No. 88-115, 93-13 and 97-470. These conclusions are founded not only upon the language of the statute itself, but also on two Louisiana Supreme Court decisions that unequivocally established the chief of police as having supervisory power over the entire operation of the police department. See Lentini v. City of Kenner, 211 So.2d 311
(La. 1968) and Cogswell v. Town of Logansport, 321 So.2d 774
(La.App. 2 Cir. 1975).
Therefore, it is the opinion of this office that the town council of a Lawrason Act municipality does not have the authority to set quotas, either directly or indirectly, for the amount of traffic tickets that must be issued by the police department.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/mjb